UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROLAND J. NAQUIN, JR.                                              CIVIL ACTION

VERSUS                                                             NUMBER: 18-14199

MR. JERRY LARPENTER, SHERIFF                                       SECTION: "B"(5)
OF TERREBONNE PARISH; ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Roland J. Naquin, Jr., against Defendants, Jerry Larpenter, Sheriff of Terrebonne Parish; Gordon Dove, Terrebonne Parish President; and Major Bergeron, Warden of the Terrebonne Parish Criminal Justice Center ("TPCJC"). (Rec. docs. 3; 1, pp. 1, 4).

Plaintiff is an inmate of TPCJC since his arrest on unspecified charges on August 8, 2017. (Rec. doc. 1, p. 3). In his complaint, Plaintiff complains of his "[c]ontinuous exposure to hazardous conditions caused by the presence of black mold fu[n]gi." (*Id.* at pp. 6-7). Plaintiff seeks $1,000,000 in monetary damages, a medical examination at a hospital or medical facility of his choosing and at the Defendants' expense, and court-ordered inspections of TPCJC by various environmental agencies. (*Id.* at p. 9).

As noted above, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 3). A proceeding brought IFP may be dismissed if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned that this matter be dismissed for failure to state a claim upon which relief can be granted.

Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. That statute, which was enacted in 1996 as

part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)).  Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient.  *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).  Exhaustion of administrative remedies is essentially a condition precedent to bringing suit.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  "Pre-filing exhaustion is mandatory, and the case <u>must</u> be dismissed if available administrative remedies were not exhausted."  *Id.* (emphasis added).  Although the exhaustion requirement is in the nature of an affirmative defense, "… a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)(footnote omitted); *see also Moore v. Thaler*, 436 Fed.Appx. 311, 312 (5th Cir. 2011).

Just like the plaintiffs in *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013), and *Authement v. Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009), Plaintiff admits on the face of his complaint that TPCJC has a prisoner grievance

procedure in place. (Rec. doc. 1, p. 3). He also indicates that he did not present the facts set forth in his complaint through the grievance procedure because of his belief that "[t]he conditions and act's stated in [his] complaint can not be address[ed] nor resolved on [the] administrative level consisting of excessive amounts of knowing and intentional harm and cruel and unusual punishing conducts and events stated … [and] excessive amounts of intentional deliberate indifference shown by [the] named Defendants." (*Id.*).[1] Given that Plaintiff makes clear on the face of his complaint that he has not exhausted the remedies that are available through the TPCJC prisoner grievance procedure, his complaint should be dismissed with prejudice for failure to state a claim pursuant to §§1915(e)(2)(B)(ii) and 1997e(c). *Jones*, 2013 WL 1947188 at *1; *Authement*, 2009 WL 4782368 at *1.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii) and 42 U.S.C. §1997e(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[1] This explanation notwithstanding, Plaintiff presents no facts in his complaint specifically describing how the named Defendants were involved in the matters of which he complains herein. (Rec. doc. 1, pp. 6-7).

3

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).2/

New Orleans, Louisiana, this  10th  day of      January     , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

2/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4