**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROLAND J. NAQUIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14199** |
| **JERRY LARPENTER, ET. AL.** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court are *pro se* plaintiff Roland Naquin Jr.'s complaint filed pursuant to 42 U.S.C. § 1983 (Rec. Doc. 1), the Magistrate Judge's Report and Recommendation ("Report") (Rec. Doc. 4), and plaintiff's objections (Rec. Doc. 5). For the following reasons,

**IT IS ORDERED** that plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report is **ADOPTED as the opinion of the Court;**

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND

Plaintiff is a state inmate currently housed in Terrebonne Parish Criminal Justice Complex ("TPCJC"). *See* Rec. Doc. 1 at 3. Defendants are Jerry Larpenter as Sheriff of Terrebonne Parish; Gordon Dove as Parish President of Terrebonne; and, Major Bergeron as Warden of TPCJC (collectively "defendants").[1] *See id.* at 1.

---

[1] Defendants have been sued for acting in their official capacity only.

On January 4, 2019, plaintiff filed the instant complaint. *See* Rec. Doc. 2. He seeks compensatory damages for enduring exposure to black mold and hazardous bacteria at TPCJC. *See* Rec. Doc. 1 at 9. Plaintiff alleges that defendants acted with deliberate indifference to TPCJC's unsanitary conditions. *See id*.

On January 10, 2019, the Magistrate Judge issued a Report recommending dismissal of this matter because plaintiff failed to state a claim upon which relief can be granted. *See* Rec. Doc. 4 at 3. Specifically, plaintiff's complaint appears unactionable because he failed to exhaust the administrative remedies available to him at TPCJC. *See id*. On January 17, 2019, plaintiff filed a timely objection to the Report.[2] *See* Rec. Doc. 5.

**LAW AND ANALYSIS**

To recover under 42 U.S.C. § 1983, a plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *See*

---

[2] The Fifth Circuit has recognized that the "mailbox rule" applies to pleadings, including objections, submitted to federal courts by prisoners acting *pro se*. *See Stoot v. Cain,* 570 F.3d 669, 671 (5th Cir. 2009). This rule states that, for limitation purposes, the date when prison officials receive the pleading from the prisoner for delivery to the court is considered the time of filing. *See Brown v. Taylor*, 569 F. App'x 212 (5th Cir. 2014); *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998). Though the clerk of court filed plaintiff's objection on January 25, 2019, plaintiff signed and dated his objection on January 17, 2019. This is the earliest date appearing in the record on which he could have submitted the objection to prison officials for mailing. Therefore, pursuant to the mailbox rule, January 17, 2019 will be treated as the filing date of plaintiff's objections.

2

*Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citing *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1998)).

The Court must dismiss a § 1983 claim if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Given a presumption of truth, the plaintiff's factual allegations must raise a right to relief above the speculative level. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Pursuant to the Prison Litigation Reform Act of 1995, a prisoner filing a § 1983 action must have previously exhausted his claims through available administrative remedies. 42 U.S.C. § 1997e(a); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). This exhaustion is required regardless of the forms of relief sought or offered in the administrative process. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). While failure to exhaust is an affirmative defense, the Court may dismiss a complaint "if the complaint makes clear that the prisoner failed to exhaust [administrative remedies]." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (citing *Jones v. Bock*, 599 U.S. 199, 216 (2007)).

3

Additionally, the Fifth Circuit has held that 42 U.S.C. § 1997e(e) applies to all federal civil actions in which a prisoner seeks compensatory damages for an alleged constitutional violation. *See Greiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The § 1997e(e) physical injury requirement states that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Thus, a prisoner's § 1983 action for an Eighth Amendment violation will not prevail without a physical injury. *See Greiger*, 404 F.3d at 374.

When a prisoner states an Eighth Amendment violation in his § 1983 complaint, he must satisfy two requirements. The first requirement is that the prison official's act or omission resulted in denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 425 U.S. 337, 347 (1981)); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). The second requirement is that the prison official's state of mind was "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)); *Palmer*, 193 F.3d at 352. This Court need not analyze the satisfaction of both requirements, but may decide an Eighth Amendment claim on the claim's failure to

satisfy either requirement. *See Johnson v. Anderson*, 255 Fed. Appx. 851, 853 (5th Cir. 2007).

To satisfy the first requirement, a prisoner must demonstrate the alleged deprivation denied him of the minimal civilized measure of life's necessities. *Farmer*, 511 U.S. at 834; *Palmer*, 193 F.3d at 352. The Fifth Circuit has held "the Constitution does not mandate prisons [to provide] comfortable surroundings or commodious conditions." *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) (citing *Rhodes*, 452 U.S. at 349); *accord Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Exposure to unpleasant conditions, such as the mere presence of mold and bacteria, is not a constitutional violation, without a showing of injury by such exposure. *See, e.g., Carter v. Strain*, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); *McCarty v. McGee*, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008); *Crook v. McGee*, No. 2:07cv167, 2008 WL 53269, at *2 (S.D. Miss. Jan. 2, 2008).

To satisfy the second requirement, a prisoner must prove the prison official's state of mind was deliberately indifferent to the prisoner's health. *See Farmer*, 511 U.S. at 834; *Palmer*, 193 F.3d at 352. The burden is on the prisoner to prove the officials (1) were aware of facts from which they could infer an excessive risk to the prisoner's health and (2) actually inferred that an

excessive health risk existed. *See Palmer*, 193 F.3d at 352 (citing *Bradley v. Pucket*, 157 F.3d 1022, 1025 (5th Cir. 1998)).

Here, plaintiff's § 1983 complaint must be dismissed because plaintiff did not exhaust his claims through available administrative remedies before filing. *See* Rec. Doc. 5 at 6. Plaintiff concedes he did not utilize available administrative remedies at TPCJC for fear of retaliation. *See id*. Because plaintiff's complaint and objections make clear that he failed to exhaust available administrative remedies, plaintiff's claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

Had plaintiff exhausted administrative remedies available to him at TPCJC, his claims would still warrant dismissal pursuant to 42 U.S.C. § 1997e(e). Plaintiff seeks compensatory damages for exposure to black mold, bacteria, and other unidentified contaminates. *See id*. at 8. He only alleges a potential risk of contracting unspecified diseases. *See id*. at 14. He fails to claim that the alleged conditions have caused him physical harm as required by § 1997e(e). *See Greiger*, 404 F.3d at 374.

Even if plaintiff had alleged a physical injury, it remains that his complaint must be dismissed for failure to satisfy both Eighth Amendment claim requirements. *See Johnson*, 255 Fed. Appx. at 853. Specifically, plaintiff does not fulfill the second requirement concerning deliberate indifference. He argues defendants demonstrated deliberate indifference by not addressing

the presence of black mold and bacteria. *See* Rec. Doc. 5 at 13. However, by failing to exhaust available administrative remedies, plaintiff is unable to show defendants are aware of the alleged conditions. *See id.* at 6. Plaintiff offers no factual support of defendants' awareness of the alleged conditions. *See Palmer*, 193 F.3d at 352. Additionally, plaintiff offers no proof that defendants inferred the existence of an excessive health risk. *See id*. Because plaintiff fails to satisfy the second requirement of an Eighth Amendment violation, his claims must be dismissed. *See Johnson*, 255 Fed. Appx. at 853.

New Orleans, Louisiana, this 17th day of July 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE